EMILIO COSME DE JESÚS ET AL. ETC., Plaintiffs and Appellants, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY ET AL., Defendants and Appellees.

No. 11824. Submitted April 2, 1958.—Decided May 19, 1958.

*Ernesto R. Rodríguez Aponte* for appellants. *R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa* and *A. Segurola de Diego* for appellees.

PER CURIAM.

This is an appeal from the judgment rendered in the above-entitled case dismissing the complaint after the trial court made the following findings:

### "FINDINGS OF FACT

"On June 21, 1954, at about 12:30 p. m., Juan José González was driving along Loíza Street in the direction of Boca de Cangrejos a Cadillac automobile owned by Adalberto González, license plate No. 23-196.

"Juan José González was driving the vehicle at a speed not exceeding 20 or 25 miles, and, as he was about to enter the road leading to Boca de Cangrejos and before coming to the intersection at the Carolina road, he turned slightly to the left and in order to take the right-hand side of Boca de Cangrejos road he swerved the car a little to the center. Just then one of two bicyclists who were coming along the intersection darted out to cross in front of González's automobile from right to left, at a distance of 10 or 15 feet from the car. Mr. González put on the brakes immediately, but could not avoid hitting the bicycle and the rider. The Cadillac automobile stopped at about 10 feet from the place where the brakes had been applied, hurling the bicyclist into the air and throwing him on the right-hand sido of the road in the direction from Santurce to Boca de Cangrejos.

"Immediately after the accident the driver, Juan José González, picked up Emilio Cosme Vargas and removed him to the Municipal Hospital.

"As a result of the accident, Emilio Cosme Vargas suffered a concussion of the brain with no fracture but attended by a post concussion syndrome, causing him to suffer from dizzy spells, photophobia, and buzzing in the ears. He was unconscious for about 48 hours but responded well to treatment.

"That the minor, Emilio Cosme Vargas, was confined for 11 days and was then discharged to continue under treatment as an outpatient in the Municipal Hospital. That at present he feels ringing in the ears and some dizziness which, according to the medical diagnosis, will persist for some time. Otherwise his physical condition is normal.

"On the date of the accident, Adalberto González Suárez carried with the Hartford Accident & Indemnity Co. an insur-

ance policy covering personal injuries, having a coverage of $5,000.

"That the accident was due to the fault and negligence of plaintiff himself, Emilio Cosme Vargas, by darting out in front of the Cadillac automobile owned by the defendant.

### "CONCLUSIONS OF LAW

"Let us see whether the facts proved, viewed in the light of the law and the authorities, warrant the awarding of damages claimed by the plaintiffs.

"The present action is predicated on § § 1802 and 1803 of the Civil Code of Puerto Rico, which in their pertinent part read as follows:

> " 'Section 1802.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

> " 'Section 1803.—The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

> ".        .        .        .        .        .        .        .

> " 'Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties.'

"The elements of an action for damages are: (a) the action or failure to do the right thing; (b) the fault or negligence of the person to whom claim is made; and (c) that such person has actually caused damages to the plaintiff.

"Therefore, in order to hold a person liable it is necessary to show that his own wrongful act, or the act of the person to whom one is liable was the cause of the damages.

"For damage to exist, it is necessary that it be real; and for fault or negligence to exist, it is necessary that it be established in such a way as to leave no room for doubt, so that the relation of cause and effect may exist between the negligence established and the damage caused.

"The provisions of the Automobile Act of Puerto Rico include bicycles. Section 20 of Act No. 279 of April 5, 1946 [Sess. Laws, p. 598], known as Automobile and Traffic Act, provides as follows:

" 'The provisions of this Act in connection with the traffic of motor vehicles, shall be applicable to drivers of street cars, hand carts and animal-drawn carts, motorcycles, and bicycles, except such provisions which due to their nature are not applicable.'

"It is to be noted, therefore, that the rules of liability which govern the traffic of motor vehicles on streets and highways likewise apply to motorcycles and bicycles.

"In this connection, it has been said:

" '. . . The reciprocal duties of a bicyclist and automobilist, being governed by the common-law rule that each is bound to exercise reasonable care toward the other in their use of the public highways, the same rules as to lack of care constituting contributory negligence are generally applied to a bicyclist as to a motorist or motorcyclist.' 5 Am. Jur. 754, § 440.

"Applying this doctrine, the same degree of care has been required of a bicyclist as of an automobilist using the highways; and not only have they been required to exercise due care to avoid danger, which is obvious and of which they should have knowledge, but they are also under the duty to be on the lookout for any danger that may suddenly arise from the normal traffic of vehicles, and the failure to exercise such reasonable vigilance constitutes thereafter a bar to the recovery of damages.

"When crossing an avenue or highway, a bicyclist and a motorist owe to each other reciprocal duties and care. They can not be expected to be less prudent in their duty to exercise due care than would be required of a prudent person. See Blashfield, 2A *Cyclopedia of Automobile Law* 470, § 1525 (perm. ed.).

"A bicyclist who courts danger by crossing in front of a vehicle is guilty of negligence. In this case the road was clear. There was nothing to obstruct the view of the bicyclist and the oncoming motor vehicle. Yet, he crossed the road without exercising the degree of care required of him to avert the imminent danger. This constitutes negligence and was the proximate cause of the accident.

"A bicycle rider or driver of any other kind of vehicle is under the duty to see whatever lies within his visibility. Otherwise he is guilty of negligence, as a matter of law, for having failed to notice what was obvious to see.

"Plaintiff's conduct had such effect on the damage caused that he is now prevented from seeking recovery from the court, and, viewed in the light most favorable to him, his negligence would be contributory."

The only error assigned is that the lower court concluded that the accident was due to the fault and negligence of plaintiff himself, Emilio Cosme Vargas.

From an examination of the transcript of evidence we are convinced that the findings of fact are fully supported by the evidence. In general terms, the conclusions of law are also correct.

Consequently, the judgment is affirmed.